## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LISA BOUCHER, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>SPIRIT AIRLINES, INC.,<br><br>      Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

Plaintiff Lisa Boucher ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on the investigation of her counsel and upon information and belief, except as to Plaintiff's allegations regarding her own actions which are based on personal knowledge.

## NATURE OF THE ACTION

1. This is a class action lawsuit regarding Defendant Spirit Airlines, Inc.'s ("Spirit" or "Defendant") failure to provide full refunds to customers whose flights were cancelled as a result of the coronavirus, or COVID-19.

2. Given the outbreak of the coronavirus, Defendant has cancelled a vast percentage of their international and United States flights.[1] However, Defendant has, to date, refused to issue refunds for flights that Defendant cancelled.

3. The United States Department of Transportation ("DOT") has "issued an Enforcement Notice clarifying, in the context of the 2019 Novel Coronavirus (COVID-19) public health emergency, that U.S. and foreign airlines **remain obligated to provide a prompt refund to passengers** for flights to, within, or from the United States when the carrier cancels the passenger's scheduled flight or makes a significant schedule change and the passenger chooses not to accept the alternative offered by the carrier. The obligation of airlines to provide

---

[1] https://paxex.aero/2020/04/spirit-airlines-reportedly-cutting-90-of-flights/ (last visited 4/21/20).

refunds, including the ticket price and any optional fee charged for services a passenger is unable to use, does not cease when the flight disruptions are outside of the carrier's control (e.g., a result of government restrictions)."[2] Indeed, the DOT's Enforcement Notice makes perfectly clear that offering "vouchers or credits for future travel" is not an adequate or appropriate substitute for airlines' obligations to offer refunds for cancelled flights.[3]

4. Defendant is the owner and operator of Spirit. Spirit is a low-cost airline among the largest airlines in the United States. Spirit's business was disrupted as a result of government-mandated restrictions on travel in response to the coronavirus.[4]

5. Defendant Spirit announced in March 2020 that it plans to reduce its flight schedule by 45% in April and 75% in May.[5] These cuts may run even deeper, resulting in a "significant number of destinations removed and the operation reduced by 90%."[6]

6. Plaintiff, like many other travelers, was scheduled to fly with Spirit on a round trip from Hartford, Connecticut to Fort Lauderdale, Florida on March 19, 2020, and a return flight on March 23, 2020.

7. Plaintiff's flight was cancelled by Spirit due to the coronavirus travel restrictions.

8. After cancelling Plaintiff's flight, Spirit offered a "reservation credit," but not a cash refund to Plaintiff.

9. Plaintiff's reservation credit was processed before she could even request cash refund.

---

[2] DEP'T OF TRANSP., U.S DEPARTMENT OF TRANSPORTATION ISSUES ENFORCEMENT NOTICE CLARIFYING AIR CARRIER REFUND REQUIREMENTS, GIVEN THE IMPACT OF COVID-19 (Apr. 3, 2020), https://www.transportation.gov/briefing-room/us-department-transportation-issues-enforcement-notice-clarifying-air-carrier-refund (last accessed Apr. 10, 2020) (hereinafter "DOT NOTICE") (emphasis added).

[3] *See id*.

[4] https://www.cnbc.com/2020/03/31/spirit-cancels-new-york-connecticut-and-new-jersey-flights-after-cdc-warning.html (last visited 4/21/20).

[5] https://paxex.aero/2020/04/spirit-airlines-reportedly-cutting-90-of-flights/ (last visited 4/21/20).

[6] *Id.*

10. Spirit was required by the DOT Enforcement Notice to provide Plaintiff and Class members (defined below) a prompt refund when Spirit cancelled their flights.

11. Spirit's Contract of Carriage states that customers will be entitled to a full refund "[i]n the event that Spirit is unable to provide a previously confirmed seat and is unable to reroute the guest via Spirit."[7]

12. Spirit represents that it is "waiving cancellation fees for Guests whose travel plans are impacted by COVID-19 (coronavirus). Go to My Trips, enter your name and confirmation number, then proceed with the steps to cancel your flight. You will receive a full purchase price reservation credit instantly."[8]

13. However, Plaintiff and Class members should be entitled to a full cash refund, not a reservation credit.

14. Plaintiff sent an email to Spirit's customer support team requesting a "refund ASAP." But Plaintiff has not received a cash refund from Spirit.

15. Spirit's acts are in violation of the DOT's Enforcement Notice, which requires airlines to provide "a prompt refund to passengers . . . when their carrier cancels the passenger's scheduled flight."[9] The DOT Enforcement Notice applies to "U.S. and foreign airlines."[10]

16. Spirit's consumers have excoriated Spirit's refusal or failure to provide its customers with refunds. For instance, like Plaintiff, customers on the website tripadvisor.com have stated:

---

[7] https://content.spirit.com/Shared/en-us/Documents/Contract_of_Carriage.pdf (last visited 4/21/20).
[8] https://www.spirit.com/notices (last visited 4/21/20).
[9] DOT NOTICE
[10] *Id.*



**Beware of overbooked flights!**

I was almost kicked off my flight that I was supposed to be taking with my 2 y.o. toddler. I have to state this all has happened during Coronavirus craziness when I was trying to get back home as fast as possible with my baby. 24 hours prior to my departure I went into Spirit app and tried to do the check-in and couldn't proceed to the end, app was getting stuck at some point. So I have contacted spirit through WhatsApp and asked what was going on and was told by the employee that my flight was cancelled. I have started checking flight status on spirit website and it stated "on time". Then I have checked departures on the Cancun airport website and it also stated there that flight is "on-time". I started asking then person from spirit why it says everywhere that flight is on time and he says it's been cancelled. I started suspecting that it was just my itinerary that's cancelled (probably due to overbooking the flight), and kept asking employee if the whole flight was cancelled or just my itinerary and got the same answer that the whole
Flight was cancelled and let me rebook you on the next available ( which was an awful one, instead of direct flight next one was with 6 hours layover). I have asked them for a refund if they have cancelled my flight, so that I can purchase new direct flight with another airline and got the answer that they do not issue refunds even if they cancel the flight, they can only rebook me. Then I asked why didn't I get any cancellation notice? Why when I go into my reservation it says flight is on time and allows me to start the check in process? Then spirit employee told me I'll send you your cancellation notice now, and instead of cancellation I have received another confirmation for the flight that in spirit words "was cancelled".So I went into my reservation in the browser and tried to complete my check in from there and it wouldn't let me, I got a message there that "we are sorry but your itinerary was affected by a cancellation". I kept checking everywhere that flight and it kept saying "on time". So instead of rebooking I decided that I'd go to the airport and if the flight is really cancelled I'd rebook on the spot. I was beyond stressed, crying and imagining having to deal with cancellation, rebooking and flying with a huge layover in Chicago with a baby during Coronavirus outbreak. And then at the end of the day I went into my reservation again and it allowed me to check in and print my boarding passes! I wrote that I got my boarding passes in the messenger to the spirit employee who kept writing to me that "complete flight was cancelled". And here was the answer: "I am sorry for misinformation provided. As I am able to see this flight is not cancelled. This flight will be departing on March 22nd at 1:45PM from CUN-BWI" So after that response I knew exactly what happened! The flight was overbooked and by not allowing some people to check in and telling them the flight was cancelled and making people rebook they tried to free up some seats and kick people off the flight! After enough people have rebooked system allowed other people to check in! I took that flight and there wasn't a single empty seat which confirmed my thoughts about overbooking. So if this ever happens to anyone, you see that flight status is on time and spirit tells you it's cancelled- don't believe them, they are lying! And they are trying to kick you off the flight to free up some seats.

Read less ▲



17. Plaintiff brings this action on behalf of herself and the Class for equitable relief and to recover damages and restitution for: (i) unjust enrichment, (ii) conversion, (iii) fraud, (iv) breach of contract, (v) money had and received, (vi) violation of the Connecticut Unfair Trade Practices Act; and (vii) violation of Florida's Deceptive And Unfair Trade Practices Act.

## PARTIES

18. Plaintiff Lisa Boucher is a citizen of the State of Connecticut and resides in Preston, Connecticut. Plaintiff purchased tickets from Spirit for a round-trip flight between Hartford, Connecticut and Fort Lauderdale, Florida. Plaintiff was to depart for Florida on March 19, 2020, and to return to Connecticut on March 23, 2020. Plaintiff paid a total price of approximately $582 for both flights. However, the flight was cancelled by Spirit on March 19, 2020, after several hours of delays, due to the coronavirus, COVID-19. Spirit did not give Plaintiff the option to request a cash refund. Instead, Spirit automatically registered Plaintiff for a "reservation credit," and not a cash refund. Plaintiff did not want a reservation credit, she wanted a cash refund. Plaintiff requested a cash refund "ASAP" from Spirit which, to date, has not refunded Plaintiff.

19. At the time that Plaintiff purchased her tickets, she understood that she would be entitled to a refund from Spirit if her flight was cancelled by Spirit. However, Plaintiff was deceived by Spirit regarding her right to a refund. Had Plaintiff been aware or had Defendant disclosed that she would not be entitled to a refund for cancelled flights, she would not have booked through Spirit, and would have used a different airline and/or booking company, one that would have refunded money for cancelled flights.

20. Defendant Spirit Airlines, Inc. is a corporation organized under the laws of the State of Delaware with a principal place of business at 2800 Executive Way, Miramar, Florida. Defendant conducts substantial business throughout the United States, including in the States of Connecticut and Florida.

## JURISDICTION AND VENUE

21. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

22. This Court has personal jurisdiction over this action because Defendant maintains its principal place of business in this District.

23. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant maintains its principal place of business in this District.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23, on behalf of the following Classes:

> All persons in the United States who purchased tickets for travel on a Spirit flight scheduled to operate to, from, or within the United States whose flights were cancelled or were subject to a significant schedule change and not refunded (the "Class").
>
> All persons in the State of Connecticut who purchased tickets for travel on a Spirit flight scheduled to operate to, from, or within the United States whose flights were cancelled or were subject to a significant schedule change and not refunded (the "Connecticut Subclass").
>
> All persons who purchased tickets for travel on a Spirit flight scheduled to operate to, from, or within the State of Florida that were cancelled or were subject to a significant schedule change and not refunded (the "Florida Subclass") (the "Connecticut Subclass" and "Florida Subclass" are collectively referred to as the "Subclasses").

25. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment to the complaint or narrowed at class certification.

7

26. Specifically excluded from the Class and Subclasses are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

27. **Numerosity.** The members of the proposed Class are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable. Upon information and belief, Plaintiff reasonably estimates that there are hundreds of thousands of individuals that are members of the proposed Class, and tens of thousands of individuals who are members of the proposed Subclasses. Although the precise number of proposed members is unknown to Plaintiff, the true number of members of the Class and Subclasses is known by Defendant. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

28. **Typicality.** The claims of the representative Plaintiff are typical of the claims of the Class and Subclasses in that the representative Plaintiff, like all members of the Class, paid for a Spirit flight that was cancelled, and did not receive a refund for the cancelled flight or for any consequential damages and cancelations caused by the original cancelled flight. The representative Plaintiff, like all members of the Class and Subclasses, has been damaged by Defendant's misconduct in the very same way as the members of the Class and Subclasses. Further, the factual bases of Defendant's misconduct are common to all members of the Class and Subclasses and represent a common thread of misconduct resulting in injury to all members of the Class and Subclasses.

29. **Existence and predominance of common questions of law and fact.** Common questions of law and fact exist as to all members of the Class and Subclasses and predominate over any questions affecting only individual members of the Class and Subclasses. These common legal and factual questions include, but are not limited to, the following:

(a) Whether Spirit failed to refund purchasers of cancelled flights and the consequential damages caused thereby;

(b) Whether Spirit falsely represented that customers whose flights were cancelled would receive a cash refund for cancelled flights;

(c) Whether Spirit violated Connecticut's consumer protection laws;

(d) Whether Spirit violated Florida's consumer protection laws;

(e) Whether Spirit is liable to Plaintiff and the Class for unjust enrichment;

(f) Whether Spirit unlawfully converted money from Plaintiff and members of the Class; and

(g) Whether Plaintiff and the Class are entitled to damages, restitution, equitable, injunctive, compulsory, or other relief.

30. **Adequacy of Representation.** Plaintiff will fairly and adequately protect the interests of the Class and Subclasses. Plaintiff has retained counsel who are highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class and Subclasses. Plaintiff has no interests that are antagonistic to those of the Class or Subclasses.

31. **Superiority.** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by members of the Class and Subclasses is relatively small compared to the burden and expense of individual litigation of their claims against Defendant. It would, thus, be virtually impossible for members of the Class and Subclasses, on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, even if members of the Class and Subclasses could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and

comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

32. In the alternative, the Class and Subclasses may also be certified because:
   (a) the prosecution of separate actions by individual members of the Class and Subclasses would create a risk of inconsistent or varying adjudication with respect to individual members of the Class and Subclasses that would establish incompatible standards of conduct for the Defendant;
   (b) the prosecution of separate actions by individual members of the Class and Subclasses would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Class and Subclasses not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or
   (c) Defendant has acted or refused to act on grounds generally applicable to the Class and Subclasses as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class and Subclasses as a whole.

## CAUSES OF ACTION

### COUNT I
### Unjust Enrichment
### (On Behalf Of The Nationwide Class)

33. Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

34. Plaintiff brings this claim on behalf of herself and members of the Class.

35. Plaintiff and the Class conferred a benefit on Defendant in the form of monies paid to purchase airline tickets for flights that were later cancelled or subject to a significant schedule change by Spirit.

36. Defendant has knowledge of these benefits.

37. Defendant voluntarily accepted and retained this benefit. Defendant voluntarily retained the benefit of the purchase price of the tickets in addition to consequential damages resulting from the cancelation (such as the customer having to cancel the return flight).

38. Because this benefit was obtained unlawfully, namely by selling airline tickets for flights that were later cancelled by Spirit, it would be unjust and inequitable for the Defendant to retain it without paying the value thereof.

## COUNT II
### Conversion
**(On Behalf Of The Nationwide Class)**

39. Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

40. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

41. Plaintiff and members of the Class have an ownership right to the monies paid for the tickets for cancelled flights sold by Defendant, as well as for the consequential damages resulting therefrom.

42. Defendant has wrongly asserted dominion over the payments illegally diverted to them for the cancelled flights, and consequential damages resulting therefrom. Defendant has done so every time that Plaintiff and members of the Class paid to purchase a ticket for a flight that was later cancelled or subject to a significant schedule change by Spirit.

43. As a direct and proximate cause of Defendant's conversion, Plaintiff and members of the Class suffered damages in the amount of the payments made for each time they purchased a ticket for a flight that was cancelled or subject to a significant schedule change by Spirit, and in the amount of consequential damages resulting therefrom.

## COUNT III
### Fraud
**(On Behalf Of The Nationwide Class)**

44. Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

45. Plaintiff brings this claim on behalf of herself and members of the Class.

46. As discussed above, Defendant falsely misrepresented that costs paid for cancelled flights would be refunded. Despite these representations, Defendant failed to refund moneys paid by Plaintiff and members of the Class.

47. Defendant knew they would not reimburse customers for cancelled flights, but nevertheless continued to make knowingly false representations about refunds. In short, the false and misleading representations and omissions were made with knowledge of their falsehood.

48. The false and misleading representations and omissions were made by Defendant, upon which Plaintiff and members of the Class reasonably and justifiably relied, and were intended to induce and actually induced Plaintiff and members of the Class to purchase airline tickets from Defendant.

49. The fraudulent actions of Defendant caused damage to Plaintiff and members of the Class, who are entitled to damages and other legal and equitable relief as a result.

50. As a result of Defendant's willful and malicious conduct, punitive damages are warranted.

## COUNT IV
### Breach of Contract
### (On Behalf Of The Nationwide Class)

51. Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

52. Plaintiff brings this claim on behalf of herself and members of the Class.

53. Defendant entered into contracts with Plaintiff and members of the Class to provide services in the form of flights in exchange for a set amount of money.

54. Defendant has breached these contracts by retaining Plaintiff and Class members' ticket prices while not providing flight services.

55. Plaintiff and members of the Class have suffered an injury through the payment of money for tickets while not receiving services in return.

## COUNT V
## Money Had And Received
### (On Behalf Of The Nationwide Class)

56. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

57. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

58. Defendant received money in the form of airline ticket fees that was intended to be used for the benefit of Plaintiff and the Class.

59. Those airline ticket fees were not used for the benefit of Plaintiff and the Class, and Defendant has not given back or refunded the wrongfully obtained money and airline ticket fees to Plaintiff and the Class.

60. Defendant obtained money in the form of airline ticket fees that was intended to be used to provide flights for Plaintiff and the Class. However, Defendant has retained all of the airline ticket fees while cancelling its flights that Plaintiff and members of the Class were supposed to be passengers on.

## COUNT VI
## Violation of the Connecticut Unfair Trade Practices Act
### (On Behalf Of The Connecticut Subclass)

61. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

62. Plaintiff brings this claim individually and on behalf of the members of the proposed Connecticut Subclass against Defendant.

63. Plaintiff and the Connecticut Subclass are consumers who purchased airline tickets from Defendant for personal use.

64. Connecticut's Unfair Trade Practices Act states: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any

trade or commerce." Conn. Gen. Stat. § 42-110b(a).  Further, "[i]t is the intention of the legislature that this chapter be remedial and be so construed."  Conn. Gen. Stat. § 42-110b(d).

65. In its sale of airline tickets and provision of airline services, Defendant engaged in "trade" and "commerce" within the meaning and intendment of Conn. Gen. Stat. § 42-110a(4).

66. Defendant is a "Person" as defined by Conn. Gen. Stat. § 42-110a(3).

67. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices, which include, without limitation, misrepresenting that the tickets for air travel that Plaintiff and members of the Connecticut Subclass purchased were refundable if the flights were cancelled by Spirit.

68. The foregoing deceptive acts and practices were directed at consumers.

69. The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the characteristics of the tickets for air travel sold by Defendant.  Defendant made these false representations to induce consumers to purchase the same.

70. By reason of this conduct, Defendant engaged in deceptive conduct in violation of Connecticut's Unfair Trade Practices Act.

71. Defendant's actions are the direct, foreseeable, and proximate cause of the damages that Plaintiff and members of the Connecticut Subclass have sustained from having paid for tickets for air travel that were cancelled by Defendant.

72. As a result of Defendant's violations, Plaintiff and members of the Connecticut Subclass have suffered damages because: (a) they would not have purchased tickets for air travel from Defendant on the same terms if they knew that they would not be provided a refund for cancelled flights; and (b) Defendant's tickets for air travel do not have the characteristics, ingredients, uses, or benefits promised.

73. On behalf of herself and other members of the Connecticut Subclass, Plaintiff seeks to recover his economic damages, punitive damages, attorneys' fees and costs, injunctive

relief enjoining Defendant from continuing their deceptive trade practices, and any other relief the Court deems just and proper.

74. Plaintiff will provide notice of this action and a copy of this Complaint to the appropriate Attorneys General pursuant to Conn. Gen. Stat. § 42-110g(c).

### COUNT VII
### Violation Of Florida's Deceptive And Unfair Trade Practices Act, Fla. Stat. Ann. §§ 501-201, *et seq.*
### (On Behalf Of The Nationwide Class And Florida Subclass)

75. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

76. Plaintiff brings this claim individually and on behalf of the members of the proposed Florida Subclass against Defendants.

77. Defendant's advertising, marketing, and sale of tickets for air travel constitute activities in and affecting trade and commerce.

78. Defendant had superior knowledge that it sold the tickets for air travel without intending to issue a refund should the flight be cancelled by Defendant. Defendant misrepresented to Plaintiff and Class and Florida Subclass members that it would refund the cost of cancelled flights, which it actually had no intention of doing.

79. To date, Defendant has declined to offer refunds to customers whose flights were cancelled by Defendant.

80. Defendant's conduct constitutes unfair and deceptive trade practices, in violation of the Florida's Deceptive and Unfair Trade Practices Act, Fla Stat. Ann. §§ 501-201, *et seq.*

81. As described above, Defendant misrepresented the nature of the tickets for air travel that it sold to Plaintiff and members of the Classes, specifically regarding the nature of refunds for cancelled flights.

82. Plaintiff and the Class and Florida Subclass members, were reasonable consumers acting reasonably under the circumstances when they relied on – and were misled by – Defendant's representations regarding Defendant's tickets for air travel.

83. As a proximate and direct cause of Defendants' violations of FDUTPA, Plaintiff and the Florida Subclass members, have been injured and harmed because: (a) they would not have purchased the tickets for air travel from Defendant on the same terms if they knew that Defendant would refuse to refund the cost of flights cancelled by Defendant; and (b) the tickets for air travel do not have the characteristics, ingredients, uses, or benefits as promised by Defendants.

84. Accordingly, Defendants are liable to Plaintiff and the Class and Florida Subclass for damages in amounts to be proven at trial, including attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests, individually and on behalf of the alleged Class and Florida and Connecticut Subclasses, that the Court enter judgment in their favor and against Defendant as follows:

(a) An Order certifying the proposed Class and Connecticut and Florida Subclasses and appointing Plaintiff and her Counsel to represent the Class and Connecticut and Florida Subclasses;

(b) An Order requiring Defendant to immediately issue refunds to Plaintiff and members of the Class and Connecticut and Florida Subclasses for the cost of cancelled tickets, any cancellation fees, and consequential damages resulting therefrom;

(c) An Order of disgorgement of wrongfully obtained profits;

(d) An award of compensatory, statutory, and punitive damages, in an amount to be determined;

(e) An award of reasonable attorneys' fees costs and litigation expenses, as allowable by law;

(f) Interest on all amounts awarded, as allowed by law; and

(g) Such other and further relief as this Court may deem just and proper.

## **JURY TRIAL DEMANDED**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

Dated: April 22, 2020

Respectfully submitted,

/s/ Sarah N. Westcot
Sarah N. Westcot

**BURSOR & FISHER, P.A.**
Sarah N. Westcot
2665 S. Bayshore Drive, Suite 220
Miami, FL 33133
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
Email: swestcot@bursor.com

**BURSOR & FISHER, P.A.**
Yeremey Krivoshey (*Pro Hac Vice Forthcoming*)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
Email: ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Andrew J. Obergfell (*Pro Hac Vice Forthcoming*)
Max S. Roberts (*Pro Hac Vice Forthcoming*)
888 Seventh Avenue, Third Floor
New York, NY 10019
Telephone:  (646) 837-7150
Facsimile:  (212) 989-9163
Email: aobergfell@bursor.com
Email: mroberts@bursor.com

*Attorneys for Plaintiffs*