**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

LISA BOUCHER, on behalf of herself and
all others similarly situated,

      Plaintiff,                         Case No. 0:20-cv-60829-RKA

v.

SPIRIT AIRLINES, INC.,

      Defendant.

_____/

**DEFENDANT SPIRIT AIRLINES, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST
AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND**

Defendant, SPIRIT AIRLINES, INC. ("**Defendant**" or "**Spirit**"), by and through the undersigned counsel, pursuant to Fed. R. Civ. P. 7 and 8, files its Answer and Affirmative Defenses to Plaintiff, LISA BOUCHER's, First Amended Class Action Complaint and Jury Demand (ECF No. 23, the "**Amended Complaint**"), and states as follows:

**NATURE OF THE ACTION**[1]

1.      This is a class action lawsuit regarding Defendant Spirit Airlines, Inc.'s ("Spirit" or "Defendant") failure to provide full refunds to customers whose flights were cancelled as a result of the coronavirus, or COVID-19.

      **ANSWER**:    Paragraph 1 of the Amended Complaint is admitted only to the extent that this action purports to be filed as a class action lawsuit.  The remaining allegations contained in paragraph 1 of the Amended Complaint are denied.

---

[1] Headings herein are used solely to mirror the headings contained in the Amended Complaint and should not be construed as an admission or denial by Spirit on any issue.

2.      Given the outbreak of the coronavirus, Defendant has cancelled a vast percentage of their international and United States flights.  However, Defendant has, to date, refused to issue refunds for flights that Defendant cancelled.

Seth Miller, *Spirit Airlines Reportedly Cutting 90% of Flights*, PAXEX.AERO, Apr. 1, 2020, https://paxex.aero/2020/04/spirit-airlines-reportedly-cutting-90-of-flights/ (last visited June 5, 2020).

**ANSWER**:      With respect to the first sentence in paragraph 2 of the Amended Complaint, it is denied as stated.  The second sentence of paragraph 2 of the Amended Complaint is denied.

3.      The United States Department of Transportation ("DOT") has "issued an Enforcement Notice clarifying, in the context of the 2019 Novel Coronavirus (COVID-19) public health emergency, that U.S. and foreign airlines **remain obligated to provide a prompt refund to passengers** for flights to, within, or from the United States when the carrier cancels the passenger's scheduled flight or makes a significant schedule change and the passenger chooses not to accept the alternative offered by the carrier.  The obligation of airlines to provide refunds, including the ticket price and any optional fee charged for services a passenger is unable to use, does not cease when the flight disruptions are outside of the carrier's control (e.g., a result of government restrictions).  Indeed, the DOT's Enforcement Notice makes perfectly clear that offering "vouchers or credits for future travel" is not an adequate or appropriate substitute for airlines' obligations to offer refunds for cancelled flights.

DEP'T OF TRANSP., U.S DEPARTMENT OF TRANSPORTATION ISSUES ENFORCEMENT NOTICE CLARIFYING AIR CARRIER REFUND REQUIREMENTS, GIVEN THE IMPACT OF COVID-19 (Apr. 3, 2020), https://www.transportation.gov/briefing-room/us-department-transportation-issues-enforcement-notice-clarifying-air-carrier-refund   (last accessed Apr. 10, 2020) (hereinafter "DOT NOTICE") (emphasis added).

**ANSWER**:      Spirit objects to the extent that the allegations contained in paragraph 3 of the Amended Complaint are narrative and/or argumentative.  Without waiving any objections and

subject thereto, the allegations contained in paragraph 3 of the Amended Complaint are denied as stated. As well, the DOT NOTICE/DOT Enforcement Notice speaks for itself.

    4.    On May 12, 2020, the DOT issued a Second Enforcement Notice, which stated the following:

    (a) The DOT reiterated that "airlines have an obligation to provide a refund to a ticketed passenger when the carrier cancels or significantly changes the passenger's flight, and the passenger chooses not to accept an alternative offered by the carrier."

DEP'T OF TRANSP., FREQUENTLY ASKED QUESTIONS REGARDING AIRLINE TICKET REFUNDS GIVEN THE UNPRECEDENTED IMPACT OF THE COVID-19 PUBLIC HEALTH EMERGENCY ON AIR TRAVEL 1 (May 12, 2020), https://www.transportation.gov/sites/dot.gov/files/2020-05/Refunds-%20Second%20Enforcement%20Notice%20FINAL%20%28May%2012%202020%29.pdf (last accessed May 28, 2020) (hereinafter "DOT SECOND NOTICE").

    (b) Online travel agencies are required to provide a "prompt refund" when "(i) an airline cancels or significantly changes a flight, (ii) an airline acknowledges that a consumer is entitled to a refund, and (iii) passenger funds are possessed by a ticket agent."

DEP'T OF TRANSP., U.S DEPARTMENT OF TRANSPORTATION ISSUES ENFORCEMENT NOTICE CLARIFYING AIR CARRIER REFUND REQUIREMENTS, GIVEN THE IMPACT OF COVID-19 (Apr. 3, 2020), https://www.transportation.gov/briefing-room/us-department-transportation-issues-enforcement-notice-clarifying-air-carrier-refund (last accessed Apr. 10, 2020) (hereinafter "DOT NOTICE").

    (c) "The refund policy in place at the time the passenger purchased the ticket is the policy that is applicable to that ticket."

DEP'T OF TRANSP., U.S DEPARTMENT OF TRANSPORTATION ISSUES ENFORCEMENT NOTICE CLARIFYING AIR CARRIER REFUND REQUIREMENTS, GIVEN THE IMPACT OF COVID-19 (Apr. 3, 2020), https://www.transportation.gov/briefing-room/us-department-transportation-issues-enforcement-notice-clarifying-air-carrier-refund (last accessed Apr. 10, 2020) (hereinafter "DOT NOTICE").

(d) "Airlines and ticket agents can offer consumers alternatives to a refund, such as credits or vouchers, **so long as the option of a refund is also offered and clearly disclosed** if the passenger is entitled to a refund."

DEP'T OF TRANSP., U.S DEPARTMENT OF TRANSPORTATION ISSUES ENFORCEMENT NOTICE CLARIFYING AIR CARRIER REFUND REQUIREMENTS, GIVEN THE IMPACT OF COVID-19 (Apr. 3, 2020), https://www.transportation.gov/briefing-room/us-department-transportation-issues-enforcement-notice-clarifying-air-carrier-refund (last accessed Apr. 10, 2020) (hereinafter "DOT NOTICE") (emphasis added).

(e) "For airlines, 'prompt' is defined as being **within 7 business days** if a passenger paid by credit card, and **within 20 days** if a passenger paid by cash or check."

DEP'T OF TRANSP., U.S DEPARTMENT OF TRANSPORTATION ISSUES ENFORCEMENT NOTICE CLARIFYING AIR CARRIER REFUND REQUIREMENTS, GIVEN THE IMPACT OF COVID-19 (Apr. 3, 2020), https://www.transportation.gov/briefing-room/us-department-transportation-issues-enforcement-notice-clarifying-air-carrier-refund (last accessed Apr. 10, 2020) (hereinafter "DOT NOTICE") (emphasis added).

**ANSWER**:   Spirit objects to the extent that the allegations in paragraph 4 of the Amended Complaint are narrative and/or argumentative.  Without waiving any objections and subject thereto, the allegations contained in paragraph 4 of the Amended Complaint are denied as stated.   As well, the DOT NOTICE/DOT Enforcement Notice and the DOT SECOND NOTICE/DOT Second Enforcement Notice speak for themselves.

5.      Defendant is the owner and operator of Spirit.  Spirit is a low-cost airline among the largest airlines in the United States.  Spirit's business was disrupted as a result of government-mandated restrictions on travel in response to the coronavirus.

*Spirit Cancels New York, Connecticut, and New Jersey Flights After CDC Warning*, CNBC, Mar. 31, 2020, https://www.cnbc.com/2020/03/31/spirit-cancels-new-york-connecticut-and-newjersey-flights-after-cdc-warning.html (last visited June 5, 2020).

**ANSWER**:    Paragraph 5 of the Amended Complaint is admitted as to the existence of the COVID-19 pandemic.   Otherwise, the remaining allegations contained in paragraph 5 contained in the Amended Complaint are denied as stated.

6.    Defendant Spirit announced in March 2020 that it plans to reduce its flight schedule by 45% in April and 75% in May.  These cuts may run even deeper, resulting in a "significant number of destinations removed and the operation reduced by 90%."

Seth Miller, *Spirit Airlines Reportedly Cutting 90% of Flights*, PAXEX.AERO, Apr. 1, 2020, https://paxex.aero/2020/04/spirit-airlines-reportedly-cutting-90-of-flights/ (last visited June 5, 2020).

**ANSWER**:    Paragraph 6 of the Amended Complaint is denied as stated.

7.    Plaintiff, like many other travelers, was scheduled to fly with Spirit on a round trip from Hartford, Connecticut to Fort Lauderdale, Florida on March 19, 2020, and a return flight on March 23, 2020.

**ANSWER**:    Paragraph 7 of the Amended Complaint is admitted to the extent that Plaintiff purportedly scheduled a flight to fly on Spirit on a round trip from Hartford, Connecticut to Fort Lauderdale, Florida on March 19, 2020, and to return on March 23, 2020.  The remaining allegations contained in paragraph 7 of the Amended Complaint are denied as stated.

8.    Plaintiff's flight was cancelled by Spirit due to the coronavirus travel restrictions.

**ANSWER**:    Paragraph 8 of the Amended Complaint is denied as stated.

9.    After cancelling Plaintiff's flight, Spirit offered a "reservation credit," but not a cash refund to Plaintiff.

**ANSWER**:    Paragraph 9 of the Amended Complaint is denied.

10.    Plaintiff's reservation credit was processed before she could even request cash refund.

**ANSWER**:    Paragraph 10 of the Amended Complaint is admitted only to the extent that Plaintiff's reservation credit was processed.  The remaining allegations contained in paragraph 10 of the Amended Complaint are denied as stated.

11.    Spirit was required by the DOT Enforcement Notice to provide Plaintiff and Class members (defined below) a prompt refund when Spirit cancelled their flights.

**ANSWER**:    Paragraph 11 of the Amended Complaint is denied.  The DOT Enforcement Notice speaks for itself.

12.    Spirit's Contract of Carriage, attached as **Exhibit A**, states that customers will be entitled to a full refund "[i]n the event that Spirit is unable to provide a previously confirmed seat and is unable to reroute the guest via Spirit."

SPIRIT CONTRACT OF CARRIAGE § 10.2,
https://content.spirit.com/Shared/enus/Documents/Contract_of_Carriage.pdf (last visited June 5, 2020).

**ANSWER**:    Spirit objects to the extent that the allegations contained in paragraph 12 of the Amended Complaint seek legal conclusions, and without waiving its objections, the allegations contained in paragraph 12 of the Amended Complaint are denied as stated.  In addition, Spirit's Contract of Carriage speaks for itself.

13.    Spirit represents that it is "waiving cancellation fees for Guests whose travel plans are impacted by COVID-19 (coronavirus).  Go to My Trips, enter your name and confirmation number, then proceed with the steps to cancel your flight.  You will receive a full purchase price reservation credit instantly."

SPIRIT AIRLINES COVID-19 INFORMATION CENTER, https://www.spirit.com/notices (last visited June 5, 2020).

**ANSWER**:    Spirit objects to the extent that the allegations contained in paragraph 13 of the Amended Complaint are narrative and/or argumentative.  Without waiving any objections and

subject thereto, the allegations contained in paragraph 13 of the Amended Complaint are denied as stated.

14.     However, Plaintiff and Class members should be entitled to a full cash refund.

**ANSWER**:     Paragraph 14 of the Amended Compliant is denied as stated.

15.     Plaintiff sent an email to Spirit's customer support team requesting a "refund ASAP." But Plaintiff has not received a cash refund from Spirit.

**ANSWER**:     Spirit objects to the extent that the allegations in paragraph 15 of the Amended Complaint are narrative and/or argumentative.  Paragraph 15 of the Amended Complaint is admitted to the extent that Plaintiff sent Spirit an email; however, the content of such email speaks for itself and without waiving any objections and subject thereto, the remaining allegations contained in paragraph 15 of the Amended Complaint are denied.

16.     Spirit's acts are in violation of the DOT's Enforcement Notice, which requires airlines to provide "a prompt refund to passengers . . . when their carrier cancels the passenger's scheduled flight."  The DOT Enforcement Notice applies to "U.S. and foreign airlines."

DEP'T OF TRANSP., U.S DEPARTMENT OF TRANSPORTATION ISSUES ENFORCEMENT NOTICE CLARIFYING AIR CARRIER REFUND REQUIREMENTS, GIVEN THE IMPACT OF COVID-19 (Apr. 3, 2020), https://www.transportation.gov/briefing-room/us-department-transportation-issues-enforcement-notice-clarifying-air-carrier-refund (last accessed Apr. 10, 2020) (hereinafter "DOT NOTICE").

**ANSWER**:     Spirit objects to the extent that the allegations in paragraph 16 of the Amended Complaint are narrative and/or argumentative.  Without waiving any objections and subject thereto, the allegations contained in paragraph 16 of the Amended Complaint are denied as stated.  In addition, the DOT Enforcement Notice speaks for itself.

17.     Spirit's consumers have excoriated Spirit's refusal or failure to provide its customers with refunds.  For instance, like Plaintiff, customers on the website tripadvisor.com have stated:



**Valjean L** wrote a review May 2020

📍 Chicago, Illinois • 7 contributions • 2 helpful votes

●○○○○

Chicago - St. Thomas    Caribbean    Economy

**Buy and fly at your own risk!Save your money and fly a real airline that honors its prices!!!!**

I officially broke up with Spirit today. They are like being in an abusive relationship. You keep getting lured back with the cheap fares, and you keep making excuses like, "it's just the flight", "it doesn't make the whole vacation", and etc.Normally, I would find myself trying to defend flying Spirit. It wasn't the best flight experience but it worked for when you needed a cheap flight. And boy do you get what you pay for. Today changed my stance on flying Spirit for EVER. I had booked a flight using a discount code. My husband and I were married in January and we wanted to have a real honeymoon post the COVID pandemic. We had flown to St. Thomas in February and decided we wanted to go back later in the year. Our flights were $159.04 (for the both of us),for the dates we selected. We had used the 75% off promo code, and were so excited! We booked lodging, rented a car, bought items we'd like to take along for our return trip and etc. Well,about a week after they took my money, Spirit sent an e-mail (which I didn't see until after midnight last night), to advise that our trip was cancelled. Why would someone think it's ok to send an email about something as important as cancelling travel plans??? They said that due to having to limit flights and staff due to COVID, they had to cancel our flight. There was no effort made or option offered to try to rebook us on a different flight at the price we paid. They just said that they issued us a "credit" for what we paid, to be used on a future flight. HOW ARROGANT AND ENTITLED THEY MUST BE to think I would even consider flying their airline EVER AGAIN!!! No way. The "bare fare" and the "no frills" flights I can deal with, but when it comes to arbitrarily cancelling my flight without offering options to ME as the paying customer, that would be the least disruptive to my plans... That speaks to your intergrity as a business. And they cancelled flights but are still running flights to St. Thomas, on sold out flights, at rates that are 4 times for ONE PERSON, what we paid for TWO people. It's insulting to me that they think we can't see that this was about kicking us off so they could charge mote for the seats. And as far as the "credit" that they issue you for what you paid... It's to be used on terms that are decided almost entirely by THEM??? A credit to be used within 1 year (so limiting my travel dates), and on flights that THEY determine the cost of... Sure, the credit is the same price, but the value changes according to HOW THEY assign it, because it doesn't get me the same thing I originally intended to pay for. The voucher is worthless to me right now as my husband and I have to take a break once again from just being newlyweds, and having to negotiate making sure we are not charged for our nonrefundable accommodations, car rental, excursions, etc. This was not the way to do things. It would have cost Spirit NOTHING to honor the price we paid for a different flight. I am an AVID traveler. I'm always gone somewhere. One ofbthe reasons I work is to have extra money to travel. I don't have a problem spending my money to travel... What I do have an issue with is a company that exploits people and do not have INTEGRITY in their practices. I can't even be civil in a situation like that. I'm just DONE with Spirit, and I mean that. I would rather pay full price on a flight with a company that honors their flight prices and does not inconvenience and disregard their customers, than fly Spirit... I would not even fly Spirit to go across the street. Their corporate response was to give me an extra $50 voucher to "entice" me to accept the credit. I just sat there shaking my head... More insult and more injury...I demanded my money back, and told them to cancel my fare club membership. I want NOTHING more to do with them. I removed them from my list of airlines on my search engines, because I don't even want to see a Spirit flight option. That was the last straw. We are officially "broken up" with Spirit, and never going back. So bottom line: Save your money and don't get tricked into the bare fare game, because you will get nickeled and dimed on paying for seats (even for connecting flights), and bags. What you end up paying, you could have flown another airline with less hassle. And don't get tricked into the "fake" discount codes that can get you a cheap flight- which just might get canceled if they find someone willing to pay a higher fare. Like I would tell anyone in an abusive relationship, you don't have to accept this. You can do better, you deserve better than this. Anyone who wants to continue to fly Spirit, you do so COMPLETELY AND LITERALLY at your OWN RISK. But you can't say you haven't been warned... Believe me, I was in the stands waving the banner... But after this, naw, I'm good.
Read less ▲



**Olga** wrote a review Mar 2020
1 contribution • 1 helpful vote

● ○ ○ ○ ○

Cancun - Baltimore    USA    Economy

### Beware of overbooked flights!

I was almost kicked off my flight that I was supposed to be taking with my 2 y.o. toddler. I have to state this all has happened during Coronavirus craziness when I was trying to get back home as fast as possible with my baby. 24 hours prior to my departure I went into Spirit app and tried to do the check-in and couldn't proceed to the end, app was getting stuck at some point. So I have contacted spirit through WhatsApp and asked what was going on and was told by the employee that my flight was cancelled. I have started checking flight status on spirit website and it stated "on time". Then I have checked departures on the Cancun airport website and it also stated there that flight is "on-time". I started asking then person from spirit why it says everywhere that flight is on time and he says it's been cancelled. I started suspecting that it was just my itinerary that's cancelled (probably due to overbooking the flight), and kept asking employee if the whole flight was cancelled or just my itinerary and got the same answer that the whole
Flight was cancelled and let me rebook you on the next available ( which was an awful one, instead of direct flight next one was with 6 hours layover). I have asked them for a refund if they have cancelled my flight, so that I can purchase new direct flight with another airline and got the answer that they do not issue refunds even if they cancel the flight, they can only rebook me. Then I asked why didn't I get any cancellation notice? Why when I go into my reservation it says flight is on time and allows me to start the check in process? Then spirit employee told me I'll send you your cancellation notice now, and instead of cancellation I have received another confirmation for the flight that in spirit words "was cancelled".So I went into my reservation in the browser and tried to complete my check in from there and it wouldn't let me, I got a message there that "we are sorry but your itinerary was affected by a cancellation". I kept checking everywhere that flight and it kept saying "on time". So instead of rebooking I decided that I'd go to the airport and if the flight is really cancelled I'd rebook on the spot. I was beyond stressed, crying and imagining having to deal with cancellation, rebooking and flying with a huge layover in Chicago with a baby during Coronavirus outbreak. And then at the end of the day I went into my reservation again and it allowed me to check in and print my boarding passes! I wrote that I got my boarding passes in the messenger to the spirit employee who kept writing to me that "complete flight was cancelled". And here was the answer: "I am sorry for misinformation provided. As I am able to see this flight is not cancelled. This flight will be departing on March 22nd at 1:45PM from CUN-BWI" So after that response I knew exactly what happened! The flight was overbooked and by not allowing some people to check in and telling them the flight was cancelled and making people rebook they tried to free up some seats and kick people off the flight! After enough people have rebooked system allowed other people to check in! I took that flight and there wasn't a single empty seat which confirmed my thoughts about overbooking. So if this ever happens to anyone, you see that flight status is on time and spirit tells you it's cancelled- don't believe them, they are lying! And they are trying to kick you off the flight to free up some seats.

Read less ▲



**el hombre b** wrote a review Mar 2020
1 contribution • 1 helpful vote

● ○ ○ ○ ○

San Jose - Fort Lauderdale    International    Basic Economy

### No notice of cancellation

I was set to leave Costa Rica on March 24th around noon. My flight out of the country was canceled and the airline didn't notify me at all. I only found out because luckily a relative was monitoring flights and notified me via FB messenger the night before. I ended up buying a one-way ticket with another airline to get home. After a few days Spirit sent me a confirmation code to get a credit, but when I submitted it, I got an error response saying the code was invalid, even though I cut and pasted it from their email. I told them I just wanted a refund for the canceled flight, because I'm unlikely to do any more flying, but, a few days later without a response, I'm thinking I'll never see that refund. Needless to say, I'll never fly Spirit again.

Read less ▲



**ANSWER**:      Spirit objects to the extent that the allegations contained in paragraph 17 of the Amended Complaint are narrative and/or argumentative.  Without waiving any objections and subject thereto, the allegations contained in paragraph 17 of the Amended Complaint are denied.

18.      Plaintiff brings this action on behalf of herself and the Class for equitable relief and to recover damages and restitution for: (i) breach of contract.

**ANSWER**:      Paragraph 18 of the Amended Complaint is denied.

## PARTIES

19.     Plaintiff Lisa Boucher is a citizen of the State of Connecticut and resides in Preston, Connecticut.  Plaintiff purchased tickets from Spirit for a round-trip flight between Hartford, Connecticut and Fort Lauderdale, Florida.  Plaintiff was to depart for Florida on March 19, 2020, and to return to Connecticut on March 23, 2020.  Plaintiff paid a total price of approximately $582 for both flights.  However, the flight was cancelled by Spirit on March 19, 2020, after several hours of delays, due to the coronavirus, COVID-19.  Spirit did not give Plaintiff the option to request a cash refund.  Instead, Spirit automatically registered Plaintiff for a "reservation credit," and not a cash refund.  Plaintiff did not want a reservation credit, she wanted a cash refund.  Plaintiff requested a cash refund "ASAP" from Spirit which, to date, has not refunded Plaintiff.

**ANSWER**:     With respect to the allegations contained in paragraph 19 of the Amended Complaint, Spirit is without knowledge as to whether Plaintiff Lisa Boucher is a citizen of the State of Connecticut and resides in Preston, Connecticut.  Paragraph 19 of the Amended Complaint is admitted to the extent that Plaintiff purportedly scheduled a flight to fly on Spirit on a round trip flight from Hartford, Connecticut to Fort Lauderdale, Florida on March 19, 2020, and to return on March 23, 2020.  The remaining allegations contained in paragraph 19 of the Amended Complaint are denied.

20.     Defendant Spirit Airlines, Inc. is a corporation organized under the laws of the State of Delaware with a principal place of business at 2800 Executive Way, Miramar, Florida. Defendant conducts substantial business throughout the United States, including in the States of Connecticut and Florida.

**ANSWER**:     Paragraph 20 of the Amended Complaint is admitted to the extent that Spirit is a corporation organized under the laws of the State of Delaware with a principal place of

business at 2800 Executive Way, Miramar, Florida.  The remaining allegations contained in paragraph 20 of the Amended Complaint are denied as stated.

<u>**JURISDICTION AND VENUE**</u>

21.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

**<u>ANSWER</u>**:     Paragraph 21 of the Amended Complaint is denied.

22.     This Court has personal jurisdiction over this action because Defendant maintains its principal place of business in this District.

**<u>ANSWER</u>**:     Spirit objects to the extent that the allegations contained in paragraph 22 of the Amended Complaint seek legal conclusions.  Without waiving any objections and subject thereto, paragraph 22 of the Amended Complaint is admitted to the extent that Spirit's principal place of business is located in the Southern District of Florida.  The remaining allegations contained in paragraph 22 of the Amended Complaint are denied.

23.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant maintains its principal place of business in this District.

**<u>ANSWER</u>**:     Spirit objects to the extent that the allegations in paragraph 23 of the Amended Complaint seek legal conclusions.  Without waiving any objections and subject thereto, paragraph 23 of the Amended Complaint is admitted to the extent that venue is proper because, *inter alia*, Spirit's principal place of business is located in the Southern District of Florida.  The remaining allegations contained in paragraph 23 of the Amended Complaint are denied.

## CLASS ACTION ALLEGATIONS

24.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23, on behalf of the following Class:

> All persons in the United States who purchased tickets for travel on a Spirit flight scheduled to operate to, from, or within the United States whose flights were cancelled or were subject to a significant schedule change and not refunded (the "Class").

**ANSWER**:     Paragraph 24 of the Amended Complaint is admitted to the extent that the Amended Complaint attempts to seek the alleged certification.  Paragraph 24 of the Amended Complaint is denied in that it purports to satisfy the requirements of Rule 23(a) and/or (b), or that Plaintiff and the putative class can maintain a class action against Spirit.

25.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment to the complaint or narrowed at class certification.

**ANSWER**:     Paragraph 25 of the Amended Complaint is denied.

26.     Specifically excluded from the Class are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

**ANSWER**:     Paragraph 26 of the Amended Complaint is admitted to the extent that the Amended Complaint attempts to define the putative class as alleged.  Paragraph 26 of the Amended Complaint is denied in that the Amended Complaint purports to satisfy the requirements of Rule 23(a) and/or (b), or that Plaintiff and the putative class can maintain a class action against Spirit.

27.     **Numerosity.**   The members of the proposed Class are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable.   Upon information and belief, Plaintiff reasonably estimates that there are hundreds of thousands of individuals that are members of the proposed Class.   Although the precise number of proposed members is unknown to Plaintiff, the true number of members of the Class is known by Defendant. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

**ANSWER**:     Spirit lacks sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 27 of the Amended Complaint, and on that basis denies them.

28.     **Typicality.**   The claims of the representative Plaintiff are typical of the claims of the Class in that the representative Plaintiff, like all members of the Class, paid for a Spirit flight that was cancelled, and did not receive a refund for the cancelled flight or for any consequential damages and cancelations caused by the original cancelled flight.   The representative Plaintiff, like all members of the Class, has been damaged by Defendant's misconduct in the very same way as the members of the Class.   Further, the factual bases of Defendant's misconduct are common to all members of the Class and represent a common thread of misconduct resulting in injury to all members of the Class .

**ANSWER**:     Spirit objects to the extent that the allegations contained in paragraph 28 of the Amended Complaint seek legal conclusions.   Without waiving any objections and subject thereto, the allegations contained in paragraph 28 of the Amended Complaint are denied.

29.     **Existence and predominance of common questions of law and fact.**   Common questions of law and fact exist as to all members of the Class and predominate over any questions

affecting only individual members of the Class. These common legal and factual questions include, but are not limited to, the following:

      (a)    Whether Spirit failed to refund purchasers of cancelled flights and the consequential damages caused thereby;

      (b)    Whether Spirit's actions were in violation of its Contract of Carriage and the DOT Enforcement notice; and

      (c)    Whether Plaintiff and the Class are entitled to damages, restitution, equitable, compulsory, or other relief.

**ANSWER**: Spirit objects to the extent that the allegations contained in paragraph 29 of the Amended Complaint raise questions of law and/or seek legal conclusions. Without waiving any objections and subject thereto, the allegations contained in paragraph 29 of the Amended Complaint are denied.

30. **Adequacy of Representation.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel who are highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class. Plaintiff has no interests that are antagonistic to those of the Class.

**ANSWER**: Spirit objects to the extent that the allegations contained in paragraph 30 of the Amended Complaint seek legal conclusions. Without waiving any objections and subject thereto, Spirit lacks sufficient knowledge to form a belief as to the truth of the allegations regarding the experience or adequacy of Plaintiff's attorneys, and on that basis denies paragraph 30 of the Amended Complaint. The remaining allegations contained in paragraph 30 of the Amended Complaint are denied.

31.     **Superiority.**  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by members of the Class is relatively small compared to the burden and expense of individual litigation of their claims against Defendant.  It would, thus, be virtually impossible for members of the Class, on an individual basis, to obtain effective redress for the wrongs committed against them.  Furthermore, even if members of the Class could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

**ANSWER**:     Spirit objects to the extent that the allegations contained in paragraph 31 of the Amended Complaint seek legal conclusions.  Without waiving any objections and subject thereto, the allegations contained in paragraph 31 of the Amended Complaint are denied.

32.     In the alternative, the Class may also be certified because:

> (a) the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for the Defendant;

> (b) the prosecution of separate actions by individual members of the Class would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Class not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

> (c) Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

**ANSWER**:    Paragraph 32 of the Amended Complaint is admitted to the extent that the Amended Complaint attempts to define the putative class as alleged.  Paragraph 32 of the Amended Complaint is denied to the extent that the Amended Complaint purports to satisfy the requirements of Rule 23(a) and/or (b), or that Plaintiff and the putative class can maintain a class action against Spirit.

## CAUSES OF ACTION

### COUNT I
**Breach of Contract**
**(On Behalf Of The Nationwide Class)**

33.    Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

**ANSWER**:    With respect to the allegations set forth in paragraph 33 of the Amended Complaint, Spirit responds to paragraph 33 in the same manner that Spirit responded to the paragraphs incorporated therein by reference.

34.    Plaintiff brings this claim on behalf of herself and members of the Class.

**ANSWER**:    Paragraph 34 of the Amended Complaint is admitted to the extent that the Amended Complaint attempts to seek the alleged certification.  Paragraph 34 of the Amended Complaint is denied to the extent that the Amended Complaint satisfies the requirements of Rule 23(a) and/or (b), or that Plaintiff and the putative class can maintain a class action against Spirit.

35.    Defendant entered into contracts with Plaintiff and members of the Class to provide services in the form of flights in exchange for a set amount of money.

**ANSWER**:    Paragraph 35 of the Amended Complaint is admitted to the extent that Plaintiff entered into and agreed to all of the terms and conditions of Spirit's Contract of Carriage

when she purchased her airline ticket. The remaining allegations contained in paragraph 35 of the Amended Complaint are denied. The Contract of Carriage speaks for itself.

36.     Defendant has breached these contracts by retaining Plaintiff and Class members' ticket prices while not providing flight services.

**ANSWER**:     Paragraph 36 of the Amended Complaint is denied.

37.     Plaintiff and members of the Class have suffered an injury through the payment of money for tickets while not receiving services in return.

**ANSWER**:     Paragraph 37 of the Amended Complaint is denied.

38.     With regard to the allegations contained in the "PRAYER FOR RELIEF" and "WHEREFORE" paragraphs following paragraph 37 of the Amended Complaint, Spirit denies class action status is appropriate, denies all alleged wrongdoing, denies that Plaintiff was damaged or aggrieved, and denies Plaintiff is entitled to any relief. Spirit denies the remaining allegations contained in the "WHEREFORE" paragraphs following paragraph 37 of the Amended Complaint.

39.     Spirit has retained the undersigned attorneys and have agreed to pay them a reasonable fee in connection with the litigation of this matter.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

The Amended Complaint, and each purported claim set forth therein, fails to allege facts sufficient to constitute a claim against Spirit.

### SECOND AFFIRMATIVE DEFENSE
**(No Standing)**

Plaintiff's individual and class action claims are barred in whole or in part for a lack of standing.

### THIRD AFFIRMATIVE DEFENSE
**(Waiver/Estoppel/Consent)**

Spirit alleges, based on information and belief, that Plaintiff's Amended Complaint, and the claim alleged therein, is barred, in whole or in part, under the equitable doctrines of waiver, estoppel, and/or consent.

### FOURTH AFFIRMATIVE DEFENSE
**(Failure to Mitigate)**

Plaintiff and the putative class failed to mitigate their damages or take reasonable steps to minimize or prevent the damages claimed to have been suffered.

### FIFTH AFFIRMATIVE DEFENSE
**(Avoidable Consequences Doctrine)**

Spirit alleges, based on information and belief, that Plaintiff failed to take reasonable advantage of available procedures to prevent her own damages, and, therefore, Plaintiff's and the putative class's damages claims are barred, in whole or in part, by the avoidable consequences doctrine.

### SIXTH AFFIRMATIVE DEFENSE
**(Statute of Limitations)**

To the extent claims were brought after the expiration of the applicable statute of limitations, period of limitations, or contractual limitations period, Plaintiff's and the putative class's claims are barred.

### SEVENTH AFFIRMATIVE DEFENSE
**(Failure to Allege a Cognizable Class)**

Spirit alleges that to the extent that the Amended Complaint seeks to establish a class action, it fails to properly allege a cognizable class.

## EIGHTH AFFIRMATIVE DEFENSE
### (Lack of Typicality)

Spirit alleges that a class action is improper as the claims of the named class representatives are not typical of all putative class members.

## NINTH AFFIRMATIVE DEFENSE
### (Lack of Commonality)

Spirit alleges that a class action is improper as commonality does not exist between the putative class members.

## TENTH AFFIRMATIVE DEFENSE
### (Individualized Claims)

Spirit alleges that a class action is improper as the individualized claims of the named class representative is individual and unique to her and would not lend itself to determination of all of the claims of the purported putative class members.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to plead with sufficient facts)

Spirit alleges that Plaintiff has failed to plead with sufficient facts and specificity as required by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 8(a).

## TWELFTH AFFIRMATIVE DEFENSE
### (Full Compensation to Named Plaintiff)

Spirit alleges that the named Plaintiff, due to her voluntary actions, was fully compensated in accordance with Spirit's Contract of Carriage and in compliance with the law.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Federal Preemption)

Federal law, including but not limited to the Airline Deregulation Act of 1978, 49 U.S.C. § 41713, and/or the Federal Aviation Act of 1958, 49 U.S.C. § 40101 *et seq*., and/or the Federal

Aviation Regulations, 14 C.F.R. § 1.1, *et seq.* preempts Plaintiff's and the putative class's state law claims in whole or in part.

### FOURTEENTH AFFIRMATIVE DEFENSE
**(Contract of Carriage Bars Class Action Allegations)**

Plaintiff's and the putative class's claims are barred in whole or in part by Spirit's Contract of Carriage. Spirit's Contract of Carriage is always available to passengers and the general public from a link on its website at https://content.spirit.com/ Shared/en-us/Documents/Contract_of_Carriage.pdf. Additionally, with every passenger's ticket purchase – whether made by calling Reservations, on spirit.com, on the Spirit app, or at the airports – Spirit provides notice of its Contract of Carriage, and the incorporation of its terms, and makes the full text of the Contract of Carriage available to passengers via web link, through the Spirit app, by mail, at the airports, and at ticket offices. The foregoing complies with any and all applicable federal common law and regulations, including but not limited to 14 C.F.R. §§ 253.4(a) and 253.5(a).

### FIFTEENTH AFFIRMATIVE DEFENSE
**(Complete Performance)**

Spirit is discharged from all liability due to fully performing and discharging all duties.

### SIXTEENTH AFFIRMATIVE DEFENSE
**(Waiver)**

Plaintiff's and the putative class's claims are barred in whole or in part by waiver, including but not limited to the class action waiver provision in Spirit's governing Contracts of Carriage. The Contract of Carriage provides for an explicit waiver of the class action certification that Plaintiff now seeks. Specifically, the Contract of Carriage unequivocally and unambiguously provides, under § 13.2, that:

> No Class Action – Any case brought pursuant to this Contract of Carriage, Spirit's Tarmac Delay Plan, or Spirit's Guest Service Plan **must be brought in a party's individual capacity and not as a**

**plaintiff or class member in any purported class or representative proceeding.**

ECF No. 23-1 at p. 45 , § 13.2. [emphasis added].

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (No Actual Damages)

Plaintiff and the putative class suffered no actual damages related to Spirit's alleged acts and/or breaches.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Failure to Comply with Condition Precedent)

Plaintiff failed to comply with one or more conditions precedent to the Contract of Carriage in seeking this action for breach of contract.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Lack of Subject Matter Jurisdiction)

Plaintiff's individual amount in controversy does not provide a proper basis to invoke this Court's exercise of subject matter jurisdiction.

## TWENTIETH AFFIRMATIVE DEFENSE
### (No Private Right of Action under the DOT)

There is no private cause of action under the U.S. Department of Transportation ("**DOT**") and the DOT Enforcement Notice and DOT Second Enforcement Notice (the "**DOT Notices**") referenced by Plaintiff in the Amended Complaint, and as such, any such relief Plaintiff seeks via the DOT Notices must be stricken and/or denied.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (No Basis for Equitable Remedy)

Plaintiff has no basis for an equitable remedy of specific performance as Plaintiff is bound to the terms and conditions of the Contract of Carriage.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Waiver of Jury Trial)

The Contact of Carriage contains the following waiver of jury trial provision in § 13.1:

> This Contract of Carriage will be governed by and construed in accordance with the laws of the United States of America and the State of Florida without regard to conflict of law principles or law. **All right to trial by jury in an action, proceeding or counterclaim arising out of or in connection with this Contract of Carriage is irrevocably waived.**

ECF No. 23-1 at p. 45 , § 13.1. [emphasis added]. Plaintiff agreed to the terms and conditions of the Contract of Carriage. ECF No. 23 at ¶¶ 12, 35; ECF No. 23-1. Plaintiff cannot allege a claim to enforce the Contract of Carriage and simultaneously avoid the jury trial waiver contained in § 13.1 thereof [ECF No. 23 at p. 12]. As such, she irrevocably waived any right to trial by jury in connection with the Contract of Carriage, and Plaintiff's Jury Demand should be stricken.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (No Basis for Attorneys' Fees and Costs)

Plaintiff's demand for attorneys' fees and costs [ECF No. 23 at p. 17] must be stricken as the Contract of Carriage does not contain a provision for the award of attorneys' fees and costs for a prevailing party. Notwithstanding, Plaintiff does not allege any contractual or statutory basis for the recovery of attorneys' fees and costs, and as such, Plaintiff's demand must be stricken.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Reservation)

Spirit reserves the right to modify, withdraw, and/or add affirmative defenses as information becomes available during investigation and discovery conducted hereafter.

WHEREFORE, Defendant, SPIRIT AIRLINES, INC., respectfully requests this Court enter an order dismissing the Amended Complaint, together with such other and further relief as this Court deems just and proper.

Dated: June 19, 2020.

Respectfully submitted,

**FRANK, WEINBERG & BLACK, P.L.**

s/Steven W. Marcus
Steven W. Marcus, Esq.
Florida Bar No. 194980
Email:  smarcus@fwblaw.net
Marc A. Silverman, Esq.
Florida Bar No. 144444
Email:  msilverman@fwblaw.net
Stephanie C. Deutsch, Esq.
Florida Bar No. 503584
Email:  scd@fwblaw.net
FRANK, WEINBERG & BLACK, P.L.
7805 S.W. 6th Court
Plantation, FL 33324
Telephone:  (954) 474-8000
***Counsel for Defendant, Spirit Airlines, Inc.***